UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGEL MARIE BOYLES, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:21-CV-442 JD |

## OPINION AND ORDER

Plaintiff Angel Boyles has appealed an Administrative Law Judge's ("ALJ") denial of her claim for supplemental security income after the ALJ found that Ms. Boyles was not entitled to benefits. The parties have fully briefed this appeal. After considering the parties' briefing and the filed administrative record, the Court finds, for the following reasons, that a remand of the case to the Acting Commissioner for further proceedings is warranted.

**A. Background**

Ms. Boyles applied for supplemental security income on December 10, 2019, alleging that she had become unable to work starting on August 21, 2019, due to her health conditions. (R. at 14.) Ms. Boyles alleges that her disability was based on a variety of conditions including lumbar spine degenerative disk disease, deep venous thrombophlebitis, asthma, obesity, mood and depressive disorders, complex posttraumatic stress disorder, attention-deficit hyperactivity disorder, and anxiety. (R. at 183.) In March and April 2020, the Social Security Administration denied Ms. Boyles' claim at the initial and reconsideration levels of review. (R. at 180, 192.)

Ms. Boyles appealed and an ALJ held a hearing on her claims in March 2021. During the course of the hearing, the ALJ heard testimony from Ms. Boyles about her conditions and

testimony from an impartial vocational expert ("VE") about the possibility of Ms. Boyles being able to work in spite of her conditions. (R. at 14–24.) The ALJ denied Ms. Boyles' claim in a written decision issued in May 2021. (R. at 11.) The ALJ found that while Ms. Boyles suffered from numerous severe impairments, no individual impairment or combination of impairments was equal in severity to the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix. (R. at 17–18.) The ALJ found that Ms. Boyles could not perform her past relevant work as a cashier. (R. at 22–23.) The ALJ did find, however, that based on his residual functional capacity ("RFC") determination and the testimony of the VE, that there was a significant number of jobs in the national economy Ms. Boyles could perform with her health conditions. (R. at 23–24.) Accordingly, the ALJ found that Ms. Boyles was not disabled. Ms. Boyles requested that the Appeals Council review the ALJ's decision, but the Council denied that request in October 2021. (R. at 5–7.)

**B. Legal Standard**

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The Court will affirm the Commissioner's denial of disability benefits if it is supported by substantial evidence. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court will affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial evidence determination, the Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003). The Court does, however, critically review the record to ensure that the ALJ's decision is supported by the evidence and contains an adequate discussion of the issues. *Id.* The ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection; he may not ignore an entire line of evidence that is contrary to his findings. *Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must also "articulate at some minimal level his analysis of the evidence" to permit informed review. *Id.* Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, he must provide a "logical bridge" between the evidence and his conclusions. *Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir. 2009).

**C. Discussion**

Ms. Boyles argues there are three errors in the ALJ's decision which require remand. First, that the ALJ improperly handled medical opinion evidence. Specifically, Ms. Boyles argued the ALJ erred by not discussing the 2017 neuropsychological examination report of Dr. Barbara Gelder. Further, Ms. Boyles argues the ALJ erred by not explaining what weight he assigned to the opinion of Dr. Gelder or the weight he assigned to the 2020 consultative examination report of Dr. Michael Giffen. Second, Ms. Boyles argues the ALJ's RFC finding is not supported by substantial evidence because it does not align with his description of her left ankle injuries, and does not account for her need for an assistive device to stand and walk. Third, Ms. Boyles argues the ALJ erred in concluding that a total of 24,200 available jobs constituted a "significant" number under the law. The Court concludes that Ms. Boyles succeeds on her first

3

argument and that a remand is required. As such, the Court will not address her remaining arguments in this order and leave them to be resolved on rehearing if necessary.

Regarding the arguments related to the ALJ's handling of the medical opinions, the Court finds the ALJ erred in handling Dr. Giffen's opinion. This error requires remand.

An ALJ "must explain 'how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case records." *Willis v. Acting Comm'r of Soc. Sec.*, 2022 WL 2384031, *3 (N.D. Ind. June 30, 2022) (quoting 20 C.F.R. § 404.1520c(b)). In evaluating the persuasiveness of this evidence, the ALJ must consider a set of factors outlined in the governing regulation, of which supportability and consistency are the most important. *Id.* The ALJ is required to explicitly discuss supportability and consistency, and a failure to do so generally requires remand. *Id.* (citing to *Tammy M. v. Saul*, 2021 WL 2451907, at *7–8 (N.D. Ind. June 16, 2021)).

The Court begins with the handling of the consultative examiner, Dr. Giffen's, medical opinion. Ms. Boyles argues that the ALJ's failure to assign weight to this discussed opinion constitutes error that requires remand. The Court agrees with Ms. Boyles that the ALJ did err by not describing how persuasive he found Dr. Giffen's opinion. In particular, the ALJ's failure to discuss the supportability or consistency of this opinion is clearly contrary to the governing regulations. *Willis*, 2022 WL 2384031 at *3 (citing to *Tammy M. v. Saul*, 2021 WL 2451907, at *7–8 (N.D. Ind. June 16, 2021)).

The Commissioner makes four arguments in response to this. First, the Commissioner asserts that the ALJ did in fact properly evaluate the persuasiveness of Dr. Giffen's opinion. Second, the Commissioner argues that the ALJ is not required to assign weight to any opinion or piece of evidence under the governing regulation. Third, the Commissioner argues that Dr.

Giffen's opinion does not constitute a medical opinion as the term is defined under the regulation. Fourth, the Commissioner argues the overall record supports the ALJ's determination.

The Commissioner first argues that "the ALJ properly evaluated these opinions for supportability and consistency." (DE 16 at 6.) This argument is without any merit. Nowhere in his opinion does the ALJ discuss the supportability or consistency of Dr. Giffen's opinion and for the Commissioner to assert otherwise without citation to support in the record is not a meaningful argument.[1]

The Court now turns to the Commissioner's second argument. The Commissioner argues that under the governing regulations the ALJ is not obligated to assign "weight" to any medical opinion. (DE 16 at 3–4.) This line of argument is unpersuasive as it misses the forest for the trees. The Commissioner is correct insofar as the regulations no longer require an ALJ to assign "weight" to any specific piece of evidence and Ms. Boyles' briefing uses the term "weight" to refer to the ALJ's alleged errors. However, this argument by the Commissioner does not explain why the ALJ did not analyze the persuasiveness of Dr. Giffen's medical opinion as is expressly required by the governing regulation. *Willis*, 2022 WL 2384031 at *3 (quoting 20 C.F.R. § 404.1520c(b)). While Ms. Boyles did not use the terminology appropriate for the latest version of the regulations (persuasiveness), given the interplay between the concepts of evidentiary weight and persuasiveness, it is not a radical inference to understand her argument about "weight" as alleging the ALJ failed to properly evaluate the medical opinion evidence in the

---

[1] The Court will note that the Commissioner attaches the citation "*Id.*" to this claim. (DE 16 at 6.) However, the prior citation in that paragraph is to a provision of the C.F.R. and the citation before that is to the Plaintiff's brief. (*See* DE 16 at 6.) Neither of these citations support the claim the ALJ considered the consistency and supportability of Dr. Giffen's medical opinion as is required by regulation.

record. Ms. Boyles is clearly correct about this point given the absence of persuasiveness analysis by the ALJ.

The Court now turns to the Commissioner's third argument. The Commissioner argues that Dr. Giffen's consultative exam report does not qualify as a medical opinion under the governing regulation, and implies the ALJ was consequently not required to analyze its persuasiveness. Under the governing regulation, "A 'medical opinion' is distinct from 'objective medical evidence,' which concerns 'medical signs, laboratory findings, or both.'" *Jason M. v. Kijakazi*, 2022 WL 2071096, *5 (S.D. Ind. June 9, 2022) (quoting 20 C.F.R. § 404.1513(a)(1)). To qualify as a medical opinion, Dr. Giffen's statement must satisfy two elements: "(1) it must be a statement from a medical source about what [claimant] could still do despite his limitations; and (2) it must express [claimant's] impairment-related limitations or restrictions in terms of his ability to perform certain work demands." *Wallender v. Saul*, 2021 WL 734098, at *6 (E.D. Wis. Feb. 25, 2021). An ALJ has "no duty to examine or evaluate treatment or diagnostic documents using the factors in 20 C.F.R. § 404.1520c, absent a medical opinion." *Jason M.*, 2022 WL 2071096, at *5 (citing *Kernstein v. Kijakazi*, 2021 WL 5356103, at *3 (N.D. Ind. Nov. 17, 2021)). Ms. Boyles does not address this argument, or any arguments related to Dr. Giffen, in her reply brief.

Notwithstanding the lack of reply by Ms. Boyles, the Court cannot agree with the Commissioner's characterization of Dr. Giffen's report. As a reminder, Dr. Giffen's exam was a consultative examination conducted at the behest of the Social Security Administration to determine Ms. Boyles functional capacities. While the excerpt quoted in the ALJ opinion standing alone may not meet the standard for a medical opinion, the report as a whole qualifies. It satisfies the first prong because the report, prepared by a medical source, states what the

claimant is still capable of doing despite her limitations. For example, on the third page of this report it indicates the distance Ms. Boyles can walk, how long she can remain standing, how many flights of stairs she can climb, and the relative strength of her arms. (R at 480.) The report also satisfies the second prong because this section, and others of the report such as the fine finger skills evaluation on page four of the report (R. at 481), express the impairment related limitations in terms of her ability to perform certain work demands. Consequently, the Court finds that Dr. Giffen's report qualifies as a medical opinion under the governing regulation and the ALJ was required to assess its persuasiveness.

The Court now turns to the Commissioner's fourth argument. In referring to the Commissioner's fourth argument, the Court is referring to the last two sentences of the paragraph in the Commissioner's brief discussing Dr. Giffen's opinion. (DE 16 at 7.) In these sentences, the Commissioner argues that Ms. Boyle's references to findings in Dr. Giffen's report were addressed in the ALJ's decision and that the overall record supports the ALJ's RFC finding. (*Id.*) The Court construes this passage as arguing that an error by the ALJ was harmless as he would have reached the same conclusion even absent the error. The Court disagrees.

Errors in handling medical opinions are subject to a harmless error analysis. *McKinsey v. Astrue*, 641 F.3d 884, 891–92 (7th Cir. 2011) (finding harmless error when the ALJ failed to assign weight to a state agency physician's opinion); *Jason M. v. Kijakazi*, 2022 WL 2071096, *5–*6 (S.D. Ind. June 9, 2022) (applying harmless error analysis to alleged failure to consider a medical opinion).

An error is harmless if, upon examination of the record, the reviewing Court can "predict with great confidence what the result of the remand will be." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022). The Court cannot reach such a conclusion because it is unclear how the ALJ

utilized Dr. Giffen's opinion in his decision. The ALJ's reference to Dr. Giffen's opinion merely restates some of the doctor's exam findings and does not indicate if they support or disagree with his RFC determination. Further, the ALJ found the only other medical exam in the record, from the state agency medical consultants, to be not persuasive. Therefore, because it is possible that the ALJ found Dr. Giffen not persuasive as well, it is possible the ALJ created an "evidentiary deficit" and then impermissibly created his own RFC in a way which required him to play doctor. *See Willis*, 2022 WL 2384031 at *4. The Court will note it is also possible the ALJ found Dr. Giffen persuasive and there was no evidentiary deficit. The Court, however, cannot conclude one way or the other on this question because the ALJ did not explain how persuasive he found the opinion or how he utilized it in reaching his conclusions. In light of the significant ambiguity about the soundness of this opinion caused by the ALJ's error, the Court cannot conclude the error was harmless.

Given the ALJ's clear mishandling of Dr. Giffen's opinion and the lack of redeeming arguments from the Commissioner, the Court finds that a remand is necessary. As the Court has found remand is required based on the mishandling of Dr. Giffen's opinion, it need not discuss the issue of Dr. Gelder's opinion, or any of Ms. Boyles' other arguments, as they may be addressed on remand if necessary.

### D. Conclusion

For the reasons stated herein, the Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED:  November 1, 2022

                                                  /s/ JON E. DEGUILIO  
                                                  Chief Judge  
                                                  United States District Court